IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY FLUTE, SR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 09-016-GPM |
| HARLEY G. LAPPIN, | ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, an inmate at the United States Penitentiary located in Marion, Illinois (USP-Marion) brings this action for deprivations of his constitutional rights. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

## THE COMPLAINT

Plaintiff's complaint challenges unspecified provisions of the Bureau of Prisons' TRULINCS Program. First, Plaintiff contends that because he was "unlawfully convicted" these provisions cannot be applied to him. Therefore, Plaintiff seeks judicial relief in the form of an injunction "excepting" him from the provisions. Second, Plaintiff states that if he does not comply with the "mandatory" provisions of the program, then his "phone list will be deleted and [he] will be unable to use the U.S. mail service for correspondence to members of the community or the courts." Additionally, Plaintiff contends that the "TRULINCS (e-mail) provisions . . . has 'key' words and phrases … that are trigger mechanisms for the government to attach sanctions against an unwary prisoner and … against any one [sic] that any prisoner may be corresponding with." Consequently, Plaintiff claims that the provisions constitute an undue burden on First Amendment rights. Additionally, Plaintiff claims that the provisions violate Due Process because they do not adequately give notice of the actions which may be found to violate the program. In his complaint, Plaintiff states that he has administrative challenges concerning the provisions pending before the Bureau of Prisons. Plaintiff seeks an order enjoining the application of these provisions while his challenges wind through the administrative process.

## DISCUSSION

The Trust Fund Limited Inmate Computer System (TRULINCS) is a Bureau of Prisons program to provide inmates with some limited computer access – including access to the Internet and the ability to send and receive electronic messages. As noted above, Plaintiff seeks to challenge unspecified provisions of the program both as specifically applied to him and more generally as they apply to all federal inmates.

As also noted above, Plaintiff expressly states that at the time he filed this action he had various administrative remedies pending. Pursuant to 42 U.S.C. § 1997e(a), an inmate complaining of the conditions of his confinement *must* exhaust his administrative remedies prior to filing suit. Failure to exhaust those remedies is grounds for summary dismissal of the complaint. *See Ester v. Principi,* 250 F.3d 1068, 1071 (7th Cir. 2001); *Bigboy v. Smith*, 210 F.3d 374 (7th Cir. 2000). This is true even if the inmate cannot obtain the specific form of relief he desires. *Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 1823 & 1825, 149 L.Ed.2d 958 (2001) ("Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."); *Massey*, 259 F.3d at 645-646. Therefore, Plaintiff was required to exhaust the administrative review process at USP-Marion before filing suit in federal court, regardless of the type of relief he sought.

. **SUMMARY**

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008) (case is over where the failure to exhaust was the prisoner's fault). Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). All pending motions are **DENIED** as moot.

**IT IS SO ORDERED**.

DATED: 03/24/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge